UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**NIKKI FARLEY,**

    **Plaintiff,**                                Case No.:

v.

**G4S SECURE SOLUTIONS (USA) INC.,**
a Florida Profit Corporation

    **Defendant.**
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, NIKKI FARLEY (hereinafter referred as "FARLEY" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant G4S SECURE SOLUTIONS (USA) INC. (hereinafter referred as "G4S" or "Defendant"), pursuant to the Family Medical Leave Act ("FMLA"), and in support of states as follows:

## NATURE OF CASE

The Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq., is a United States federal law requiring covered employers to provide employees job-protected and unpaid leave for qualified medical and family reasons. The FMLA was intended to balance the demands of the workplace with the needs of families. Defendant violated the FMLA by interfering and retaliating against Plaintiff for engaging in his FMLA rights. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to be pled), and attorneys' fees and costs.

## PARTIES

1. FARLEY was hired by G4S on or about October 15, 2018 as an Upscale Security Officer.

2. G4S provides security services and products to commercial clients nationwide.

3. FARLEY was assigned by GS4 to work in Melbourne, Florida.

4. By the very nature of its work, G4S is a corporation that is engaged in commerce.

5. G4S is engaged in an industry affecting commerce.

6. G4S employs more than fifty (50) employees.

7. G4S employs more than fifty (50) employees within 75 miles of Melbourne, Florida.

8. Plaintiff is an "employee" as defined by the FMLA.

9. G4S is an "employer" as defined by the FMLA.

## JURISDICTION & VENUE

10. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

11. This claim arises under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391. The events giving rise to this action occurred within this District.

12. Plaintiff worked for G4S in Brevard County, Florida.

13. G4S conducts business in Brevard County, Florida.

14. Venue is proper in the Orlando Division of the Middle District of Florida pursuant to Local Rule 1.02(b)(2).

## FACTUAL ALLEGATIONS

15. Plaintiff began her employment with GS4 on or about October 15, 2018.

16. Plaintiff was employed with G4S for more than one (1) calendar year leading up to April 2020.

17. Plaintiff worked 1,250 hours for G4S during the year immediately preceding April 2020.

18. In April 2020, FARLEY applied for FMLA and maternity leave.

19. Plaintiff requested leave from April 28, 2020 through August 1, 2020.

20. Plaintiff's leave was approved by Defendant. *See* Request for Leave form attached as **Exhibit "A."**

21. However, Plaintiff was never granted FMLA leave.

22. Plaintiff's return to work date was scheduled for August 1, 2020.

23. In or around July 26, 2020, FARLEY began contacting Heidi Conin, Defendant's Human Resources Department Generalist, regarding her anticipated return to work.

24. Defendant did not respond to Plaintiff's attempts to secure her return to work with G4S.

25. Defendant refused to reinstate Plaintiff to the position she held prior to taking maternity leave.

26. Prior to advising G4S of her pregnancy and need for maternity leave, FARLEY had no performance related issues while working for the Defendant.

27. Accordingly, Defendant's actions are *direct* evidence of bias against Plaintiff for utilizing her FMLA rights.

28. G4S's actions interfered with Plaintiff's rights under the FMLA.

29. G4S retaliated against Plaintiff for engaging in her rights under the FMLA.

## COUNT I - INTERFERENCE UNDER THE FMLA

30. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 29 above as if fully set forth herein.

31. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

32. G4S was Plaintiff's employer as defined by the FMLA.

33. G4S's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

34. As a direct, natural, proximate and foreseeable result of the actions of G4S, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

35. Plaintiff has no plain, adequate or complete remedy at law for the actions of G4S, which have caused and continue to cause irreparable harm.

36. G4S's violations of the FMLA were willful.

37. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

   **WHEREFORE,** Plaintiff respectfully requests entry of:

   a. judgment in her favor and against G4S for their interference with her rights under the FMLA;

    b. judgment in her favor and against G4S for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of G4S's conduct;

    c. judgment in her favor and against G4S for her reasonable attorneys' fees and litigation expenses;

    d. judgment in her favor and against G4S for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    e. declaratory judgment that G4S's practices toward Plaintiff violate her rights under the FMLA; and

    f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II - RETALIATION UNDER THE FMLA

38. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 29 above as if fully set forth herein.

39. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

40. G4S was Plaintiff's employer as defined by the FMLA.

41. G4S discriminated and/or retaliated against Plaintiff because G4S knew she was eligible for leave under the FMLA.

42. G4S discriminated and/or retaliated against Plaintiff because Plaintiff attempted to exercise her rights under the FMLA

43. G4S had actual or constructive knowledge of the discriminatory/retaliatory conduct of the Human Resources representative(s).

44. G4S's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

45. G4S's discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

46. G4S's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

47. As a direct, natural, proximate and foreseeable result of the actions of G4S, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

48. Plaintiff has no plain, adequate or complete remedy at law for the actions of G4S, which have caused and continue to cause irreparable harm.

49. G4S's violations of the FMLA were willful.

50. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

    a. judgment in her favor and against G4S for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

    b. judgment in her favor and against G4S for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of G4S's conduct;

    c. judgment in her favor and against G4S for her reasonable attorneys' fees and litigation expenses;

   d. judgment in her favor and against G4S for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

   e. declaratory judgment that G4S's practices toward Plaintiff violate her rights under the FMLA; and

   f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted this 5th day of January, 2021.

*/s/ Carlos V. Leach*
Carlos V. Leach, Esq.
Florida Bar No.: 0540021
The Leach Firm, P.A.
631 S. Orlando Avenue, Suite 300
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 423-5864
Email: cleach@theleachfirm.com
Email: npacheco@theleachfirm.com

**Attorneys for Plaintiff**